KAMALA D. HARRIS
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General (attorney for notice)
State Bar No. 258395
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 445-1968
  Fax:  (916) 324-8835
  E-mail:  John.Killeen@doj.ca.gov
*Attorneys for Kamala Harris, Christine Baker,
Diane Ravnik, and Matt Rodriquez*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RONALD J. HOLLAND, Cal. Bar No. 148687
rholland@sheppardmullin.com
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
ebronchetti@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     415.434.9100
Facsimile:     415.434.3947

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
KATHRYN A. VISOSKY, Cal. Bar No. 246438
kvisosky@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:     310.228.3700
Facsimile:     310.228.3701

Attorneys for Plaintiffs Unico Mechanical Corp.
and Alfred Conhagen, Inc. of California

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNICO MECHANICAL CORP, a California corporation, and ALFRED CONHAGEN, INC., OF CALIFORNIA, a California corporation,<br><br>       Plaintiffs, | Case No. 2:15-cv-00996-JAM-DAD<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER** |

v.

KAMALA HARRIS, in her official capacity as Attorney General for the State of California; CHRISTINE BAKER, in her official capacity as the Director of the California Department of Industrial Relations; DIANE RAVNIK, in her official capacity as the Chief of the California Division of Apprenticeship Standards; and MATT RODRIGUEZ, in his official capacity as California Secretary for Environmental Protection,

Defendants.

Subject to the approval of this Court, the Parties, by and through their respective counsel, HEREBY STIPULATE, AGREE AND APPLY JOINTLY to the Court for entry of a protective order to govern pre-trial proceedings in this action according to the following terms and provisions.

1.  The Joint Stipulated Protective Order shall apply equally to documents, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and other information (all such materials and information shall be referred to as "Material") produced by the Parties (or third parties) in connection with this case.

2.  Any Material that a Party believes in good faith contains or comprises any proprietary, commercially sensitive, trade secret information or personal records ("Confidential Material") produced by a Party to this litigation or third party in connection with this case ("the Producing Party") may be designated by counsel for the Producing Party as "Confidential" in his/her reasonable and good faith judgment by marking or designating the Material in the manner provided in paragraph 3 of the Joint Stipulated Protective Order.  Any Confidential Material that a Party believes in good faith to contain highly sensitive information ("Confidential - Attorney Eyes Only") may be designated by counsel for the Producing Party as "Confidential – Attorney Eyes Only" information by marking or designating the Material in the manner provided in paragraph 3 of the Joint Stipulated Protective Order.  Inadvertent failure of counsel to designate Material as

"Confidential" or "Confidential – Attorney Eyes Only" shall not be deemed a waiver of confidentiality.

3. Any Confidential Material shall be designated "Confidential" or "Confidential – Attorney Eyes Only" by the Producing Party by so stamping the Material with the appropriate legend. Any Party producing Confidential Material during or in connection with a deposition may, on the record of the deposition, designate all or portions thereof as "Confidential" or "Confidential – Attorney Eyes Only" under the terms of the Joint Stipulated Protective Order prior to or during the deposition. Within thirty (30) days after receipt of the deposition transcript, the Producing Party may mark the portions of the deposition transcript as "Confidential" or "Confidential – Attorney Eyes Only" in accordance with the designations made before or during the deposition and shall provide a copy of the marked deposition transcript to all counsel. Only those portions of the transcript of the deposition designated "Confidential" or "Confidential – Attorney Eyes Only" shall be so treated, except that all copies of deposition transcripts that contain designated Material shall be prominently marked "Confidential" or "Confidential – Attorney Eyes Only" on the cover, and when filed with the Court, in whole or in part, shall be lodged conditionally or filed under seal by Order of the Court in accordance with the procedures set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Rule 141 of the Local Rules of the United States District Court Eastern District of California. For convenience, if a deposition transcript contains repeated references to Confidential Material which cannot be conveniently segregated from non-confidential material, any Party may request that the entire transcript be designated "Confidential" or "Confidential – Attorney Eyes Only."

4. Absent a specific order by this Court, and except as provided below, once Material has been designated as "Confidential" or "Confidential – Attorney Eyes Only," it may be used solely in connection with the following action: *Unico Mechanical Corp. et al. v. Harris, et al.*, United States District Court – Eastern District of California, Case No. 2:15-cv-00996-JAM-DAD, and shall not be used for any business, proprietary or commercial purpose. Any Confidential Material that is produced shall be produced only to counsel of record for the parties in this litigation. Counsel for any Party who obtains any Confidential Material from any other Party shall

1 protect it and its contents from disclosure to anyone other than the persons designated in this
2 paragraph.  Counsel of record may disclose Confidential Material, where necessary to the proper
3 preparation for and trial of this case, to:  (i) their employees and employee equivalents (e.g.,
4 contract paralegals); (ii) independent experts or consultants retained for the purpose of aiding
5 counsel of record in connection with counsel's preparation for and trial of this case; (iii) witnesses
6 and deponents testifying under oath, where examining counsel has a good faith basis for believing
7 that the witness or deponent has information or testimony pertinent to the Confidential Material;
8 (iv) the named Parties to this litigation and their employees or designees, except that such
9 employees and designees may not use Confidential Material for any purpose unrelated to this
10 action; and (v) this Court and members of its staff.

11      5.     Before any such Confidential Material, or substance or summary thereof, shall be
12 disclosed to any experts or consultants, the Party who retained the experts or consultants will
13 tender a copy of the Joint Stipulated Protective Order to each such expert, consultant or witness in
14 order that each such entity or person to whom such disclosure of Confidential Material is made
15 shall be on notice and fully informed that the existence and substance of the Joint Stipulated
16 Protective Order is, and is intended to be, equally binding upon it, him or her.  Those experts,
17 consultants or witnesses shall not give, show or otherwise divulge any of the Confidential Material
18 to any entity of person except as specifically provided for by the Joint Stipulated Protective Order.

19      6.     Subject to paragraph 4(iii) above, discovering counsel may show Confidential
20 Material to a witness at a deposition and examine that witness concerning the Confidential
21 Material.  Examining counsel may, in the course of the deposition, inquire as to whether the
22 witness agrees to be bound by the terms of the Joint Stipulated Protective Order.  If the witness
23 does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy
24 of the Confidential Material including, but not limited to, a copy of any pages of the transcript of
25 the deposition that are designated "Confidential" or "Confidential – Attorney Eyes Only."  In the
26 event of such refusal by the witness, the reporter shall be instructed to give the witness written
27 notice when the transcript has been prepared, stating that the witness may inspect the transcript
28 and its exhibits in the reporter's office, and that if the original deposition transcript is not signed

1  within thirty (30) days after the date of the notice, it will be used as if it had been signed.  The
2  witness will be permitted to review the deposition transcript and exhibits at the reporter's office
3  but shall not be permitted to retain a copy of portions of the deposition transcript or exhibits that
4  have been designated as "Confidential" or "Confidential – Attorney Eyes Only."
5        7.     Confidential Material may be referred to in interrogatories, interrogatory answers,
6  motions, briefs, or other papers filed with the Court and may be used in depositions, oral
7  arguments in this action and trial, either as exhibits or as the basis for questions.  In any motion,
8  brief or other papers filed with the Court referring to Confidential Material, any document a Party
9  contends contains Confidential Material shall be lodged with the Court.  If any Party seeks to have
10 any Confidential Material contained in such filing sealed, that Party shall do so in accordance with
11 the procedures set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Rule 141 of the
12 Local Rules of the United States District Court Eastern District of California.
13       8.     The designation of Material as Confidential shall not be considered conclusive or
14 binding on any Party, and such designation may be contested by noticed motion at any time.  If at
15 any time during the pendency of this action, counsel for any Party believes that counsel for
16 another Party has unreasonably claimed that certain Material should be designated as
17 "Confidential" or "Confidential – Attorney Eyes Only," objecting counsel may, after an attempt to
18 meet and confer to resolve the dispute, make an application to this Court, to be lodged
19 conditionally under seal, for an Order that the Material specifically identified by bates stamp, page
20 and/or line number be excluded from the protection of the Joint Stipulated Protective Order.
21 However, unless and until an order of this Court sets aside a designation of Material as
22 Confidential, all Material so designated shall be treated as Confidential pursuant to the terms of
23 the Joint Stipulated Protective Order.
24       9.     If at any time any Material protected by the Joint Stipulated Protective Order is
25 subpoenaed from the receiving Party by any Court, administrative or legislative body, or is
26 requested by any other person or entity purporting to have authority to require the production of
27 such material, the Party to whom the subpoena or other request is directed shall immediately give
28 written notice thereof to the Producing Party with respect to Confidential Material sought and

-5-
SMRH:463999871.1                                          JOINT STIPULATION FOR PROTECTIVE ORDER

1  shall afford the Producing Party reasonable opportunity to pursue formal objections to such
2  disclosures.

3       10.    If at any time any privileged Material is inadvertently produced to or received by
4  any Party, the receiving Party shall immediately give written notice thereof to the Producing Party
5  and return the Material forthwith.  If the receiving Party in good faith is not aware that the
6  Material is privileged, then, upon discovery of the inadvertent production, the Producing Party
7  shall immediately identify the privilege justifying non-disclosure and demand the return of the
8  privileged Material.  This demand shall be in writing or on the record of a deposition, if the
9  producing party discovers during a deposition that it inadvertently produced privileged Material.
10 Upon receiving such a demand, the receiving Party shall promptly return the original and all
11 copies of the privileged Material to the Producing Party.  The inadvertent production of such
12 Material shall not be deemed a waiver of claims of privacy or privilege, where the claim is
13 asserted immediately after the production is discovered.  The parties shall resolve disputes
14 regarding claims of privilege by utilizing the procedure described in paragraph 8 regarding
15 disputed claims of confidentiality.

16      11.    The inadvertent failure to designate Material as Confidential does not constitute a
17 waiver of such claim and may be remedied by prompt supplemental written notice after a Party in
18 good faith discovers that Material should be designated Confidential, with the effect that such
19 Material will be subject to the protections of this Order from the time it is designated
20 "Confidential" or "Confidential – Attorney Eyes Only."  The receiving Party shall exercise its best
21 efforts to ensure that copies it makes of Material produced to it, and copies made by others who
22 obtained such Material directly or indirectly from the receiving Party, include the appropriate
23 confidentiality legend, to the same extent that the Material has been marked with the appropriate
24 confidentiality legend by the Producing Party.

25      12.    If Confidential Material is disclosed to or comes into the possession of any person
26 other than in the manner authorized in the Stipulated Protective Order, the Party responsible for
27 the disclosure shall take all reasonable steps necessary to prevent further disclosure by each
28 unauthorized person who received Confidential Material.

13.     Producing or receiving materials or otherwise complying with the terms of the Joint Stipulated Protective Order shall not:

    a.     Prejudice the rights of any Party to object to the production of documents it considers not subject to discovery;

    b.     Prejudice the rights of any Party to object to the authenticity or admissibility of any document, testimony or evidence subject to the Joint Stipulated Protective Order;

    c.     Prejudice the right of any Party to seek this Court's determination whether particular material should be produced or should be subject to the terms of the Joint Stipulated Protective Order;

    d.     Prejudice the rights of any Party to apply to this Court for a further protective order relating to any Material; or

    e.     Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Material and to seek Court approval for such modification, if necessary.

14.     This Stipulation For Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Material.  However, if any Party deliberately discloses its own Confidential Material in a publicly available manner to support its claims or defenses in this action, and that Party does not avail itself of the provisions described in paragraph 11 when it becomes aware that the Material could potentially be deemed Confidential, then the Party shall be deemed to have waived any claim of Confidentiality to that Material.

15.     The provisions of the Joint Stipulated Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

16.     This Stipulation shall, subject to Court approval, be binding upon the Parties upon their signature hereto, and by signing hereto each party agrees to comply with the terms of the Joint Stipulated Protective Order and to be bound thereby.  In the event that the Court does not

SMRH:463999871.1                                                         JOINT STIPULATION FOR PROTECTIVE ORDER

1  enter into the Proposed Joint Stipulated Protective Order based upon this Stipulation, the Parties
2  shall in good faith renegotiate any terms that the Court finds objectionable.
3        17.      This Stipulation For Protective Order is entered solely for the purpose of
4  facilitating the exchange of documents and information between the Parties to this action without
5  involving the Court unnecessarily in the process.  Neither the terms of this Stipulation For
6  Protective Order nor the production of any information or document under the terms of the Joint
7  Stipulated Protective Order nor any proceedings pursuant to the Order shall be deemed to have the
8  effect of an admission or waiver by any Party or of altering the confidentiality or
9  nonconfidentiality of any such document or information or of altering any existing obligation of
10 any Party or the absence thereof.
11       18.      Without separate Court order, this Stipulation For Protective Order does not
12 change, amend, or circumvent any court rule or local rule.

      IT IS SO STIPULATED.

Dated:  August 26, 2015

                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                    By            /s/ Kathryn A. Visosky
                              RONALD J. HOLLAND
                              ELLEN M. BRONCHETTI
                              KATHRYN A. VISOSKY
                              Attorneys for Plaintiffs
                              Unico Mechanical Corp. and
                              Alfred Conhagen, Inc. of California

Dated:  August 26, 2015

                  By            /s/ John W. Killeen
                              JOHN W. KILLEEN
                              Attorneys for Defendants
                              Kamala Harris, Christine Baker,
                              Diane Ravnik, and Matt Rodriquez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| UNICO MECHANICAL CORP, a California corporation, and ALFRED CONHAGEN, INC., OF CALIFORNIA, a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KAMALA HARRIS, in her official capacity as Attorney General for the State of California; CHRISTINE BAKER, in her official capacity as the Director of the California Department of Industrial Relations; DIANE RAVNIK, in her official capacity as the Chief of the California Division of Apprenticeship Standards; and MATT RODRIQUEZ, in his official capacity as California Secretary for Environmental Protection,<br><br>　　　　　Defendants. | Case No. 2:15-cv-00996-JAM-DAD<br><br>**STIPULATED PROTECTIVE ORDER** |

1  The Court, having considered the Stipulation between the Parties and for good cause
2  appearing thereon, hereby orders the following:

3  19. This Stipulated Protective Order shall apply equally to documents, materials,
4  depositions or other testimony, deposition exhibits, interrogatory responses, responses to requests
5  for admissions, and other information (all such materials and information shall be referred to as
6  "Material") produced by the Parties (or third parties) in connection with this case.

7  20. Any Material that a Party believes in good faith contains or comprises any
8  proprietary, commercially sensitive, trade secret information or personal records ("Confidential
9  Material") produced by a Party to this litigation or third party in connection with this case ("the
10 Producing Party") may be designated by counsel for the Producing Party as "Confidential" in
11 his/her reasonable and good faith judgment by marking or designating the Material in the manner
12 provided in paragraph 3 of this Stipulated Protective Order.  Any Confidential Material that a
13 Party believes in good faith to contain highly sensitive information ("Confidential - Attorney Eyes
14 Only") may be designated by counsel for the Producing Party as "Confidential – Attorney Eyes
15 Only" information by marking or designating the Material in the manner provided in paragraph 3
16 of this Stipulated Protective Order.  Inadvertent failure of counsel to designate Material as
17 "Confidential" or "Confidential – Attorney Eyes Only" shall not be deemed a waiver of
18 confidentiality.

19 21. Any Confidential Material shall be designated "Confidential" or "Confidential –
20 Attorney Eyes Only" by the Producing Party by so stamping the Material with the appropriate
21 legend.  Any Party producing Confidential Material during or in connection with a deposition
22 may, on the record of the deposition, designate all or portions thereof as "Confidential" or
23 "Confidential – Attorney Eyes Only" under the terms of this Stipulated Protective Order prior to
24 or during the deposition.  Within thirty (30) days after receipt of the deposition transcript, the
25 Producing Party may mark the portions of the deposition transcript as "Confidential" or
26 "Confidential – Attorney Eyes Only" in accordance with the designations made before or during
27 the deposition and shall provide a copy of the marked deposition transcript to all counsel.  Only
28 those portions of the transcript of the deposition designated "Confidential" or "Confidential –

-2-

1  Attorney Eyes Only" shall be so treated, except that all copies of deposition transcripts that
2  contain designated Material shall be prominently marked "Confidential" or "Confidential –
3  Attorney Eyes Only" on the cover, and when filed with the Court, in whole or in part, shall be
4  lodged conditionally or filed under seal by Order of the Court in accordance with the procedures
5  set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Rule 141 of the Local Rules of
6  the United States District Court Eastern District of California.  For convenience, if a deposition
7  transcript contains repeated references to Confidential Material which cannot be conveniently
8  segregated from non-confidential material, any Party may request that the entire transcript be
9  designated "Confidential" or "Confidential – Attorney Eyes Only."

10        22.     Absent a specific order by this Court, and except as provided below, once Material
11  has been designated as "Confidential" or "Confidential – Attorney Eyes Only," it may be used
12  solely in connection with the following action:  *Unico Mechanical Corp. et al. v. Harris, et al.*,
13  United States District Court – Eastern District of California, Case No. 2:15-cv-00996-JAM-DAD,
14  and shall not be used for any business, proprietary or commercial purpose.  Any Confidential
15  Material that is produced shall be produced only to counsel of record for the parties in this
16  litigation.  Counsel for any Party who obtains any Confidential Material from any other Party shall
17  protect it and its contents from disclosure to anyone other than the persons designated in this
18  paragraph.  Counsel of record may disclose Confidential Material where necessary to the proper
19  preparation for and trial of this case, to:  (i) their employees and employee equivalents (e.g.,
20  contract paralegals); (ii) independent experts or consultants retained for the purpose of aiding
21  counsel of record in connection with counsel's preparation for and trial of this case; (iii) witnesses
22  and deponents testifying under oath, where examining counsel has a good faith basis for believing
23  that the witness or deponent has information or testimony pertinent to the Confidential Material;
24  (iv) the named Parties to this litigation and their employees and designees, except that such
25  employees and designees may not use Confidential Material for any purpose unrelated to this
26  action; and (v) this Court and members of its staff.

27        23.     Before any such Confidential Material, or substance or summary thereof, shall be
28  disclosed to any experts or consultants, the Party who retained the experts or consultants is hereby

1  ordered to tender a copy of this Stipulated Protective Order to each such expert, consultant or
2  witness in order that each such entity or person to whom such disclosure of Confidential Material
3  is made shall be on notice and fully informed that the existence and substance of the Stipulated
4  Protective Order is, and is intended to be, equally binding upon it, him or her.  Those experts,
5  consultants or witnesses shall not give, show or otherwise divulge any of the Confidential Material
6  to any entity of person except as specifically provided for by this Stipulated Protective Order.

7  24.  Subject to paragraph 4(iii) above, discovering counsel may show Confidential
8  Material to a witness at a deposition and examine that witness concerning the Confidential
9  Material.  Examining counsel may, in the course of the deposition, inquire as to whether the
10 witness agrees to be bound by the terms of this Stipulated Protective Order.  If the witness does
11 not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of
12 the Confidential Material including, but not limited to, a copy of any pages of the transcript of the
13 deposition that are designated "Confidential" or "Confidential – Attorney Eyes Only."  In the
14 event of such refusal by the witness, the reporter shall be instructed to give the witness written
15 notice when the transcript has been prepared, stating that the witness may inspect the transcript
16 and its exhibits in the reporter's office, and that if the original deposition transcript is not signed
17 within thirty (30) days after the date of the notice, it will be used as if it had been signed.  The
18 witness will be permitted to review the deposition transcript and exhibits at the reporter's office
19 but shall not be permitted to retain a copy of portions of the deposition transcript or exhibits that
20 have been designated as "Confidential" or "Confidential – Attorney Eyes Only."

21 25.  Confidential Material may be referred to in interrogatories, interrogatory answers,
22 motions, briefs, or other papers filed with the Court and may be used in depositions, oral
23 arguments in this action and trial, either as exhibits or as the basis for questions.  In any motion,
24 brief or other papers filed with the Court referring to Confidential Material, any document a Party
25 contends contains Confidential Material shall be lodged with the Court.  If any Party seeks to have
26 any Confidential Material contained in such filing sealed, that Party shall do so in accordance with
27 the procedures set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Rule 141 of the
28 Local Rules of the United States District Court Eastern District of California.

26. The designation of Material as Confidential shall not be considered conclusive or binding on any Party, and such designation may be contested by noticed motion at any time.  If at any time during the pendency of this action, counsel for any Party believes that counsel for another Party has unreasonably claimed that certain Material should be designated as "Confidential" or "Confidential – Attorney Eyes Only," objecting counsel may, after an attempt to meet and confer to resolve the dispute, make an application to this Court, to be lodged conditionally under seal, for an Order that the Material specifically identified by bates stamp, page and/or line number be excluded from the protection of this Stipulated Protective Order.  However, unless and until an order of this Court sets aside a designation of Material as Confidential, all Material so designated shall be treated as Confidential pursuant to the terms of this Stipulated Protective Order.

27. If at any time any Material protected by this Stipulated Protective Order is subpoenaed from the receiving Party by any Court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

28. If at any time any privileged Material is inadvertently produced to or received by any Party, the receiving Party shall immediately give written notice thereof to the Producing Party and return the Material forthwith.  If the receiving Party in good faith is not aware that the Material is privileged, then, upon discovery of the inadvertent production, the Producing Party shall immediately identify the privilege justifying non-disclosure and demand the return of the privileged Material.  This demand shall be in writing or on the record of a deposition, if the producing party discovers during a deposition that it inadvertently produced privileged Material.  Upon receiving such a demand, the receiving Party shall promptly return the original and all copies of the privileged Material to the Producing Party.  The inadvertent production of such Material shall not be deemed a waiver of claims of privacy or privilege, where the claim is

1  asserted immediately after the production is discovered.  The parties shall resolve disputes
2  regarding claims of privilege by utilizing the procedure described in paragraph 8 regarding
3  disputed claims of confidentiality.

4        29.      The inadvertent failure to designate Material as Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice after a Party in good faith discovers that Material should be designated Confidential, with the effect that such Material will be subject to the protections of this Order from the time it is designated "Confidential" or "Confidential – Attorney Eyes Only."  The receiving Party shall exercise its best efforts to ensure that copies it makes of Material produced to it, and copies made by others who obtained such Material directly or indirectly from the receiving Party, include the appropriate confidentiality legend, to the same extent that the Material has been marked with the appropriate confidentiality legend by the Producing Party.

13        30.      If Confidential Material is disclosed to or comes into the possession of any person other than in the manner authorized in this Stipulated Protective Order, the Party responsible for the disclosure shall take all reasonable steps necessary to prevent further disclosure by each unauthorized person who received Confidential Material.

17        31.      Producing or receiving materials or otherwise complying with the terms of this Stipulated Protective Order shall not:

        a.      Prejudice the rights of any Party to object to the production of documents it considers not subject to discovery;

        b.      Prejudice the rights of any Party to object to the authenticity or admissibility of any document, testimony or evidence subject to this Stipulated Protective Order;

        c.      Prejudice the right of any Party to seek this Court's determination whether particular material should be produced or should be subject to the terms of this Stipulated Protective Order;

        d.      Prejudice the rights of any Party to apply to this Court for a further protective order relating to any Material; or

28

    e. Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Material and to seek Court approval for such modification, if necessary.

32. This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Material. However, if any Party deliberately discloses its own Confidential Material in a publicly available manner to support its claims or defenses in this action, and that Party does not avail itself of the provisions described in paragraph 11 when it becomes aware that the Material could potentially be deemed Confidential, then the Party shall be deemed to have waived any claim of Confidentiality to that Material.

33. The provisions of this Stipulated Protective Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

34. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Neither the terms of this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or nonconfidentiality of any such document or information or of altering any existing obligation of any Party or the absence thereof.

35. Without separate Court order, this Stipulated Protective Order does not change, amend, or circumvent any court rule or local rule.

IT IS SO ORDERED.

Dated: August 26, 2015

                /s/ John A. Mendez

                United States District Court Judge