UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO MECHANICAL CORP, a California Corporation, and ALFRED CONHAGEN, INC. OF CALIFORNIA, a California Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> KAMALA HARRIS, in her official capacity of Attorney General for the State of California; CHRISTINE BAKER, in her official capacity as the Director of the California Department of Industrial Relations; DIANE RAVNIK, in her official capacity as the Chief of the California Division of Apprenticeship Standards; and MATT RODRIGUEZ, in his official capacity as California Secretary for Environmental Protection, <br><br> Defendants. <br><br> STATE BUILDING AND CONSTRUCTION TRADES COUNCIL OF CALIFORNIA, AFL-CIO, <br><br> Intervenor-Defendant | No.  2:15-cv-0996 JAM AC (TEMP) <br><br><br> ORDER |

On December 2, 2015, this matter came before the undersigned for hearing of intervenor-defendant's motion to modify a protective order.  Attorney Jonathan Barker appeared telephonically on behalf of the plaintiffs and attorneys Scott Kronland and Zoe Palitz appeared in

1

1  person on behalf of the intervenor-defendant.[1]

2      Upon consideration of the arguments on file and at the hearing, and for the reasons set
3  forth on the record at the hearing, IT IS HEREBY ORDERED that intervenor-defendant's
4  October 6, 2015 motion to modify (Dkt. No. 21) is DENIED.

5      It is FURTHER ORDERED as follows:

6      1. In the event of a dispute regarding the designation of any discovery material as
7  confidential, pursuant to paragraph 8 of the protective order filed on August 28, 2015,
8  (Dkt. No. 15), the parties shall meet and confer in compliance with the procedures
9  outlined in the undersigned's "Standard Information," which includes the instructions
10 regarding "Discovery Disputes."  See
11 www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-
12 magistrate-judge-allison-claire-ac.[2]

13     2. If, after meeting and conferring, a dispute remains, the party challenging a
14 confidentiality designation shall file a notice of motion that (a) specifically identifies
15 the material at issue, in conformity with paragraph 8 of the protective order; (b) briefly
16 sets forth the nature of the challenge; (3) summarizes the moving party's effort to
17 resolve the dispute informally; and (4) notices the motion for hearing before the
18 undersigned on no less than 28 days' notice.

19     3. The provisions of Local Rule 251(c), regarding joint statements, shall not apply to
20 such a dispute.  Instead, the designating party shall file a statement making a showing
21 of good cause for the confidentiality designation no later than 14 days prior to the date
22 of the hearing.  A courtesy copy, with any declarations, exhibits and other attachments
23 tabbed, shall be delivered to the Clerk of Court on the day of filing.

24 ////
25 ////

---

[1] No appearance was made by, or on behalf of, the State defendants and those defendants did not oppose the intervenor-defendant's motion to modify.

[2] The parties are directed to review the undersigned's "Standard Information," and comply with all provisions set forth therein.

2

4. The party challenging the designation shall file a reply no later than 7 days prior to the date of the hearing. A courtesy copy shall be filed if the document exceeds 20 pages or any attachments exceed 10 pages.

DATED: December 2, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE