UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO MECHANICAL CORP, a California Corporation, and ALFRED CONHAGEN, INC. OF CALIFORNIA, a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, in her official capacity of Attorney General for the State of California; CHRISTINE BAKER, in her official capacity as the Director of the California Department of Industrial Relations; DIANE RAVNIK, in her official capacity as the Chief of the California Division of Apprenticeship Standards; and MATT RODRIGUEZ, in his official capacity as California Secretary for Environmental Protection,<br><br>Defendants.<br><br>STATE BUILDING AND CONSTRUCTION TRADES COUNCIL OF CALIFORNIA, AFL-CIO,<br><br>Intervenor-Defendant | No. 2:15-cv-0996 JAM AC (TEMP)<br><br>ORDER |

On March 30, 2016, the parties filed a joint statement re discovery disagreement (ECF No. 34) and defendants filed a notice of request to seal. (ECF No. 35.) Although defendants state in the joint statement that the parties met and conferred on March 22, 2016, plaintiffs contends that

1

1 the defendants "have not met or conferred with respect to the vast majority of the matters that are
2 purportedly at issue." (ECF No. 34 at 17.)  The undersigned strictly enforces meet and confer
3 requirements and finds sufficient meeting and conferring to be essential to the resolution of
4 discovery disputes.  Accordingly, the hearing of defendants' motion to compel will be continued
5 to allow the parties additional time to meet and confer.

6 With respect to defendants' request to seal, defendants argue that "[g]ood cause exists to
7 seal these documents because Judge Mendez approved a protective order under which the parties
8 could protect documents from public disclosure by designating them as 'CONFIDENTIAL.'"
9 (ECF No. 35 at 3.)  However, the parties' stipulated protective order expressly provides that if
10 "any party seeks to have any Confidential Material contained in [a] filing sealed, that Party shall
11 do so in accordance with . . . Rule 141" of the Local Rules.  (ECF No. 15 at 5.)

> …Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the *statutory or other authority for sealing*...." See SEC v. Crumbley, 2:16-mc-00013 KJM AC, ECF No. 3 (E.D. Cal. Feb. 4, 2016) (Mueller, J.) (emphasis in text).
>
> The court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).
>
> A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

26 Patriot Rail Corp. v. Sierra Railroad Company, No. 2:09-cv-0009 TLN AC, 2016 WL 492702, at
27 *3-4 (E.D. Cal. Feb. 9, 2016).
28 /////

Accordingly, IT IS HEREBY ORDERED that:

1. The April 6, 2016 hearing of defendants' motion to compel is continued to **May 11, 2016** at **10:00 a.m.** in Courtroom No. 26;

2. The parties shall further meet and confer;

3. On or before April 27, 2016, defendants shall file a renewed request to seal that addresses the stanbdards noted above; and

4. On or before May 4, 2016, the parties shall file a joint statement re discovery disagreement that complies with the undersigned's standing order and the Local Rules of this court.

DATED: April 4, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE